IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS DELAROSA, #2240988, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2414-D-BK |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action petitioning for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

### I. BACKGROUND

In 2018, Petitioner Jesus Delarosa pled guilty to possession of methamphetamine, possession of heroin, and sexual assault of a child. He was sentenced to 10 years' imprisonment for the methamphetamine and heroin possession and 40 years' imprisonment for sexual assault, to be served concurrently. *State v. Delarosa*, Nos. F1851184, F1851183, and F1776833 (283rd Judicial Dist. Ct., Dallas Cnty., Dec. 11, 2018).[2] The Fifth District Court of Appeals affirmed his

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] The state trial court's docket sheets are available by entering the case number at https://www.dallascounty.org/services/public-access.php (last accessed on Feb. 15, 2022).

convictions on direct appeal. *Delarosa v. State*, Nos. 05-18-01507-CR, 05-18-01508-CR, 05-18-01509-CR, 2019 WL 6317865, at *1 (Tex. App.—Dallas Nov. 26, 2019, no pet.). On April 30, 2020, Delarosa unsuccessfully sought state habeas relief under Texas Code of Criminal Procedure Article 11.07. *Ex parte Delarosa*, Nos. WR-91,841-01, -02, -03 (Tex. Crim. App. Oct. 14, 2020) (denying state habeas relief).[3]

On September 30, 2021, Delarosa filed the federal habeas petition *sub judice* challenging his convictions. Doc. 3 at 1. He asserts the trial court lacked jurisdiction to hear his cases because they were not properly transferred to its docket. Doc. 3 at 5-8.

As his federal petition appeared untimely, the Court directed Delarosa to respond regarding the application of the one-year limitations period, which he has since done. Doc. 11. Having now reviewed all applicable pleadings, the Court concludes that Delarosa's federal habeas petition was filed well after the expiration of the one-year limitations period. And because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Delarosa does not allege any facts

---

[3] The state habeas docket sheets and electronic records are available by entering the case number (W1851184A, W1851183A, or W1776833A) at https://www.dallascounty.org/services/public-access.php (last accessed on Feb. 15, 2022). The Texas Court of Criminal Appeals' docket sheets are available by entering the case number (WR-91,841-01, -02 or -03) at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on Feb. 15, 2022).

that could trigger a starting date under § 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). In addition, the one-year period is statutorily tolled for the time that a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

Because Delarosa did not file a petition for discretionary review ("PDR"), his convictions became final on December 26, 2019—30 days after the state court of appeals affirmed his judgments of conviction on November 26, 2019. *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals). The limitations period expired one year later on December 26, 2020. Delarosa's state habeas applications pended for 187 days: from their filing on April 10, 2020,[4] through their denial on October 14, 2020. The pendency of those applications extended the one-year period to July 1, 2021. See 28 U.S.C. § 2244(d)(2). Consequently, Delarosa's federal habeas petition, deemed filed on September 27, 2021, more than two and-half months later, is clearly outside the one-year limitations period, absent equitable tolling.[5]

---

[4] The state applications are deemed filed on April 10, 2020, the date on which Delarosa indicated they were signed and, therefore, likely they were also handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas applications).

[5] The federal petition is deemed filed on September 27, 2021, the date Delarosa certifies placing it in the prison mail system. Doc. 3 at 15; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (the "mailbox rule" applies when inmates use the prison's internal mailing system).

### B. Equitable Tolling

Delarosa's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted). Moreover, it is well established that equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Delarosa pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). He waited over three and one-half months from the date his convictions became final to file his state habeas applications, and delayed an additional eleven and one-half months after his state applications were denied before filing his federal petition. These extended periods of inactivity indicate a lack of due diligence. And Delarosa's pleadings are silent about the reasons for his delays. In response to the court's order, Delarosa asserts simply that the COVID-19 pandemic and "quarantine lockdowns" made it "hard for [him] to be able to get in the law library" to conduct the necessary research. Doc. 11 at 1. Also, he avers that, as an indigent inmate, he must mail

Page **4** of **8**

pleadings through "indigent correspondence" and lacks the financial resources to use certified mail. *Id.* However, Delarosa's conclusory arguments are plainly insufficient to warrant equitable tolling.

First, Delarosa fails to demonstrate how the COVID-19 pandemic prevented him from timely filing his habeas petition. Stated another way, he shows no causal link between the pandemic-related impediments identified in his response—intermittent lockdowns and limited access to the law library—and his inability to file the federal petition. *See, e.g.*, *Nunez v. Danforth*, No. 1:20-CV-10230, 2021 WL 1063127, at *2 (S.D. N.Y. Mar. 18, 2021); *Young v. Mississippi*, No. 3:20-CV-736, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021). "[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance.'" *Young*, 2021 WL 4190646, at *5; *see also United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021). Likewise, courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling. *See Bradden v. Lumpkin*, No. 4:21-CV-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding access to some law library material—albeit on a limited and sometimes delayed basis due to the COVID-19 pandemic—and sporadic lockdowns were not grounds for equitable tolling); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (concluding intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent the filing of the federal habeas petition and, thus, were not grounds for equitable tolling); *White v. Director., TDCJ-CID*, No. 6:19CV231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *R. & R. adopted*, 2021 WL 978760, at *1 (E.D. Tex. Mar. 16, 2021) (finding COVID-19 lockdowns

and diminished library access did not prevent filing and, thus, did not justify equitable tolling); *Coppin v. United States*, No. 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding series of institutional lockdowns did not constitute an extraordinary circumstance warranting equitable tolling).

Delarosa presents no evidence that diminished library access "actually prevented" him from filing his federal petition. The § 2254 petition only requires a petitioner to state his grounds and identify specific facts supporting them, rather than to argue or cite case law. Doc. 3 at 5. And Delarosa did just that—restating the claims and facts that he had pled previously in his state habeas applications. Doc. 3 at 5-8. While it may have been more challenging for him to prepare the habeas petition and mail it, he has not established that any pandemic-related circumstances prevented its filing. In sum, Delarosa presents no evidence that "some extraordinary circumstance" stood in his way and prevented him from filing a timely federal petition.

Second, even in the context of the COVID-19 pandemic, a petitioner must provide sufficient evidence to determine whether he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic." *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also Clay*, 2021 WL 2018996, at *3 (collecting cases). Delarosa once again offers no evidence or explanation to demonstrate his "reasonable diligence" in pursuing his rights before and during the COVID-19 pandemic. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). Even assuming the COVID-19 lockdowns delayed his ability to prepare and mail his federal petition, Delarosa simply fails to explain the near one-year delay between the denial of his state applications on October 14, 2020, and the mailing of his federal petition on September 27, 2021.

In addition, Delarosa's *pro se* status and his unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In sum, Delarosa has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his federal petition. On this record, he has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).